UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Ryan J. White,

           Plaintiff,                        File No. 17-cv-3773 (DWF/LIB)

v.

                                    **REPORT AND RECOMMENDATION**

Nancy Stacken, et al.,

           Defendants.

---

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of 28 U.S.C. § 636, and upon Defendants' Motion to Dismiss. [Docket No. 14]. The Court took Defendants' Motion under advisement on the written submissions on March 5, 2019. (Order [Docket No. 21]).

For the reasons discussed herein, the Court recommends that Defendants' Motion to Dismiss, [Docket No. 14], be **GRANTED**.

**I.    Background[1]**

Plaintiff Ryan White (hereinafter "Plaintiff") is currently civilly committed to the Minnesota Sex Offender Program (hereinafter "MSOP"). (Compl., [Docket No. 1], at 3). Plaintiff brings the present action pursuant to 42 U.S.C. § 1983 alleging generally that Defendants the Department on Human Services, Nancy Stacken, Peter Puffer, William Halman, and Jannine Hebert violated his constitutional rights while he has been committed to the MSOP on the basis of the following factual allegations. (See, Id.).

---

[1] For the purposes of a Motion to Dismiss under Rule 12(b)(6) or Rule 12(b)(1), the Court accepts the facts alleged in the Complaint as true and construes them in the light most favorable to Plaintiff. See, Stodghill v. Wellston Sch. Dist., 512 F.3d 472, 476 (8th Cir. 2008); Carlsen v. Game Stop, Inc., 833 F.3d 903, 908 (2016).

At an unspecified time in early 2017, Plaintiff's sister submitted a visitation application (hereinafter the "Application") to the MSOP in an effort to be granted permission to visit Plaintiff. (Id. at 4).

On February 5, 2017, Plaintiff sent a client request form to the visiting room staff inquiring as to the status of his sister's Application. (Id.). On February 15, 2017, an unnamed visiting room staff member informed Plaintiff that his sister's Application had been received, and it was in the process of being reviewed. (Id.).

On March 12, 2017, Plaintiff sent a client request form to his primary therapist, Defendant Halman, also inquiring about the status on his sister's Application. (Id. at 5). On March 20, 2017, Defendant Halman responded, "[i]n order to learn the status of your sister's visiting application you will need to write a client request to OSI. If you have any other questions or concerns please do not hesitate to contact me. Respectfully, William Halman." (Id.).

Plaintiff's sister's Application was denied on April 27, 2017. (Id. at 4). Plaintiff alleges the reason given for why the Application was denied was "non-therapeutic." (Id. at 9).

On May 2, 2017, Plaintiff sent a letter to Defendant Stacken and Defendant Hebert inquiring as to why his sister's Application was denied, as well as, providing the reasons he believed the Application should have been approved. (Id. at 5–9). According to Plaintiff, neither Defendant Stacken nor Defendant Hebert responded to Plaintiff's May 2, 2017, letter. (Id. at 9).

Plaintiff therefore maintains that, through an "unconstitutionally restrictive" visitation policy, Defendants "in their individual and official capacities, implemented, retained and carried out policies through the MSOP that violated and continue to violate Plaintiff's First [Amendment] (Freedom of Association) and Fourteenth [Amendment] (Substantive Due Process, Procedural Due Process and Due Process) rights" secured by the United States Constitution. (Id.

at 1, 10). As relief, "Plaintiff seeks monetary compensatory relief against Defendants in their individual capacities only," as well as "declaratory and injunctive relief against Defendants in their official capacities." (Id. at 1, 9–10).

On January 14, 2019, Defendants filed the present Motion to Dismiss, [Docket No. 14], arguing that Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction and for failing to state a claim upon which relied could be granted.

On January 27, 2019, the undersigned established a briefing schedule on Defendants' Motion to Dismiss which provided that Plaintiff's responsive memorandum was due by no later than February 19, 2019; that Defendants' reply memorandum was due by no later than fourteen days after Plaintiff's response memorandum was filed; and that the Court would take Defendants' Motion to Dismiss under advisement on the parties' written submissions. (Order [Docket No. 21]). Thereafter, Plaintiff filed his timely responsive memorandum, Defendants filed their timely reply memorandum, and the Court took the present Motion under advisement on March 5, 2019.

## II.   Defendants' Motions to Dismiss. [Docket No. 14].

Defendants' Motion to Dismiss, [Docket No. 14], seeks an Order of this Court dismissing Plaintiff's Complaint in its entirety. Defendants argue that Plaintiff's Complaint should be dismissed because this Court's lack subject matter jurisdiction over portions of Plaintiff's Complaint and because Plaintiff's Complaint fails to state claim upon which relief may be granted. In the alternative, Defendants argue that even if Plaintiff's Complaint could be construed as stating a cognizable, federal claim, Defendants are entitled to qualified immunity as to each of Plaintiff's claims.

3

### A. Standard of Review

Pro se complaints are construed liberally, but they still must allege sufficient facts to support the claims advanced. See, Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). While the Court is required to construe the content within Plaintiff's pleadings liberally as he is proceeding pro se, Plaintiff is nevertheless bound by applicable procedural and substantive law. "Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984).

Section 1983 establishes a cause of action against any "person who, under the color of any statute, ordinance, regulation, custom, or usage, of any state" causes the deprivation of a federal or Constitutional right. 42 U.S.C. § 1983.

#### 1. Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94–95 (1998). "A court must dismiss an action over which it lacks subject matter jurisdiction." Pomerenke v. Bird, No. 12-cv-1757 (DSD/JJG), 2014 WL 30363, at *1 (D. Minn. Jan. 3, 2014) (citing Fed. R. Civ. P. 12(h)(3)). Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a party may move to dismiss a pleading for lack of subject matter jurisdiction. Such a motion may challenge, at any time, the sufficiency of the pleading on its face or may challenge the factual truthfulness of its allegations. See, Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993); Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990). In a factual challenge, courts may consider matters outside of the pleadings, and no presumptive truthfulness attaches to the plaintiff's factual allegations. Osborn, 918 F.2d at 729–30, n.6.

### 2. Failure to State a Claim

When evaluating a motion to dismiss under Rule 12(b)(6), courts "look only to the facts alleged in the complaint and construe those facts in the light most favorable to the plaintiff." Riley v. St. Louis Cty. of Mo., 153 F.3d 627, 629 (8th Cir. 1998) (citing Double D Spotting Serv., Inc. v. Supervalu, Inc., 136 F.3d 554, 556 (8th Cir 1998)), cert. denied 525 U.S. 1178 (1999). Courts must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. Aten v. Scottsdale Ins. Co., 511 F. 3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level" which "requires more than labels and conclusions, and a formulistic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

The complaint must "state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," but "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 556–57). When courts undertake the "context-specific task" of determining whether a plaintiff's allegations "nudge" its claims against a defendant "across the line from conceivable to plausible," they may disregard mere legal conclusions that are couched as factual allegations. See, Iqbal, 556 U.S. at 678–81.

Generally, in evaluating a complaint under Rule 12(b)(6), materials outside the pleadings cannot be considered on a motion to dismiss. Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999). However, a court "may consider the pleadings themselves, material

embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." Mills v. City of Grand Forks, 614 F.3d 495, 498 (8th Cir. 2010) (citing Porous Media Corp., 186 F.3d at 1079). A court may also consider judicial orders. Porous Media Corp., 186 F.3d at 1079.

### B. Analysis

To state a claim pursuant to 42 U.S.C. § 1983, "a plaintiff must [allege] (1) violation of a constitutional right, (2) committed by a state actor, (3) who acted with the requisite culpability and causation to violate the constitutional right." McDonald v. City of Saint Paul, 679 F.3d 698, 704 (8th Cir. 2012) (quoting Shrum ex rel Kelly v. Kluck, 249 F.3d 773, 777 (8th Cir. 2001) (citations omitted)). A plaintiff must plead facts sufficient to demonstrate that an individual defendant was *directly* and *personally* involved in an alleged *constitutional violation*. Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985); Clemmons v. Armontrout, 477 F.3d 962, 967 (8th Cir. 2007) ("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendants, [the plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights.").[2]

In addition to pleading individual involvement, a plaintiff must sufficiently plead a *violation of a specific constitutional right*.

#### 1. Defendant Department of Human Services[3]

As a threshold jurisdictional consideration, the Eleventh Amendment prohibits an action against a state unless it has unequivocally consented to suit or Congress has abrogated the states'

---

[2] Claims premised on a theory of vicarious liability do *not* state a claim for relief pursuant to 42 U.S.C. § 1983, Beard v. Lockhart, 716 F.2d 544, 545 (8th Cir. 1983), as the doctrine of *respondeat superior* does not generally apply in Section 1983 actions. Monnell v. Dep't of Soc. Servs., 436 U.S. 659, 691 (1978).

[3] The Department of Human Services is not listed as a Defendant in the caption of Plaintiff's Complaint. (See, Compl. [Docket No. 1]). Plaintiff does, however, list the Department of Human Services as a Defendant under the "Parties" heading in his Complaint. In an abundance of caution, the Court will, for the purposes of this Report and Recommendation, consider the Department of Human Services as a Defendant.

immunity for a particular federal cause of action. Kimel v. Florida Bd. of Regents, 528 U.S. 62, 72–73 (2000); see, Hadley v. North Arkansas Community Technical College, 76 F.3d 1437, 1438 (8th Cir. 1996); Faibish v. University of Minnesota, 304 F.3d 797, 200 (8th Cir. 2002). States are entitled to Eleventh Amendment immunity from federal claims brought under Section 1983. Hadley, 76 F.3d at 1438 ("Section 1983 does not override Eleventh Amendment immunity."). When a lawsuit is barred by the Eleventh Amendment, the case or claim asserted against the state must be dismissed for lack of subject matter jurisdiction. Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 64–65 (1996). The immunity afforded a state in federal court extends to agencies of the state. Minnesota Pharmacists Ass'n v. Pawlenty, 690 F. Supp. 2d 809, 815 (D. Minn. 2010) (citing Florida Dep't of Health & Rehabilitative Sers. v. Florida Nursing Home Ass'n, 450 U.S. 147, 101 S.Ct. 1032, 67 L.Ed.2d 132 (1982)).

The Minnesota Department of Human Services is an agency of the State of Minnesota. See, Cooper v. Minnesota Dep't of Human Services, No. 15-cv-2682 (JRT/JSM), 2016 WL 11491392, at *6 (D. Minn. Apr. 25, 2016), report and recommendation adopted 2016 WL 4179867 (D. Minn. Aug. 8, 2016). The Court, therefore, must necessarily construe Plaintiff's alleged Section 1983 claims against the Minnesota Department of Human Services as being alleged against the State of Minnesota.

Even liberally construing Plaintiff's Complaint and drawing all reasonable inferences in his favor, on the present record before the Court, Plaintiff has failed to assert any factual allegation or identify any legal authority demonstrating that either the State of Minnesota waived immunity from suit or demonstrating that Congress abrogating said immunity. Accordingly, the undersigned finds that the Department of Human Services, as an agency of the State of Minnesota, is immune from the present suit. See, e.g., Cooper, 2016 WL 11491392, at *6;

Geiger v. Minnesota Dep't of Human Services, No. 13-cv-2140 (JRT/LIB), 2013 WL 5596599, at *3 (D. Minn. Oct. 11, 2013).

Therefore, the Court recommends that Plaintiff's Complaint to the extent it is against the Minnesota Department of Human Services be **DISMISSED with prejudice** for lack of subject matter jurisdiction.[4]

### 2. Individual Named Defendants

As previously noted, Plaintiff alleges that through an "unconstitutionally restrictive" visitation policy Defendants, "in their individual and official capacities, implemented, retained and carried out policies through the MSOP that violated and continue to violate Plaintiff's First [Amendment] (Freedom of Association) and Fourteenth [Amendment] (Substantive Due Process, Procedural Due Process and Due Process) rights" secured by the United States Constitution. (Compl., [Docket No. 1], at 1, 10).

As previously noted, "[t]o state a claim under § 1983, the plaintiff must plead that a government official has personally violated the plaintiff's constitutional rights." Jackson v. Nixon, 747 F.3d 537, 543 (8th Cir. 2014) (citing Iqbal, 556 U.S. at 676)). Thus, to survive Defendants' current Motion to Dismiss, Plaintiff in the present case must have alleged sufficient facts to show each individually named Defendant's personal involvement in the asserted violations with "more than labels and conclusions, and a formulistic recitation of the elements of a cause of action will not do." See, Twombly, 550 U.S. at 555.

#### i. Claims Against Defendants Stacken, Puffer, and Hebert

Regarding Defendant Stacken, Defendant Puffer, and Defendant Hebert, Plaintiff makes only thread bare, general allegations. Plaintiff fails to even allege any personal involvement or

---

[4] As such, the only claims that remain for further consideration below are Plaintiff's claim for injunctive relief against the individually named Defendants in their official capacities and Plaintiff's claims for monetary relief against the individually named Defendants in their individual capacity.

direct participation by Defendants Stacken, Puffer, or Hebert in the putative constitutional violations.

The only specific factual allegations related to any of these three Defendants is that on May 2, 2017, Plaintiff sent a letter to Defendant Stacken and Defendant Hebert inquiring as to why his sister's Application had previously been denied, as well as, providing the reasons he believed the application should have been approved. (Compl., [Docket No. 1], at 5–9). According to Plaintiff, however, neither Defendant Stacken nor Defendant Hebert responded to Plaintiff's letter. (Id. at 9). And in fact, Plaintiff fails to even allege or offer any indication that Defendant Stacken or Defendant Herbert actual received the May 2, 2017, letter. The allegation that Plaintiff drafted an after the fact letter direct at Defendants Stacken and Hebert without any indication that Defendant Stacken or Defendant Hebert actually received the letter or took any specific action based on the letter as part of the underlying denial of the Application falls well short of the level of factual allegation needed to raise Plaintiffs claim of Defendants Stacken and Hebert's personal involvement above the speculative level. See, Twombly, 550 U.S. at 555.

In regard to Defendant Puffer, he is not the subject of any specific factual allegation in the Complaint whatsoever. Defendant Puffer is merely listed in the caption of the Complaint, identified under the "Parties" heading in the Complaint, and referenced by incorporation generally when Plaintiff refers to all individually named Defendants collectively, but there are no factual allegations describing any action of any kind taken by Defendant Puffer. This is a complete failure of the showing needed in the Complaint to allow Plaintiff's claim against Defendant Puffer to proceed because it is entirely devoid of any factual allegation to show any personal involvement. See, Twombly, 550 U.S. at 555.

Plaintiff's generic references throughout his Complaint that "Defendants Stacken, Puffer, . . . and Hebert in their individual and official capacities, implemented, retained and carried out policies through the MSOP that violated and continue to violate Plaintiff's First [Amendment] (Freedom of Association) and Fourteenth [Amendment] (Substantive Due Process, Procedural Due Process and Due Process) right" are generalized, vague statements which fail to raise Plaintiff's claim of Defendants Stacken, Puffer, or Hebert's personal involvement in any way whatsoever above the speculative level. Court have consistently found such generalized assertions to fall well short of the type of specific factual allegation needed to raise a plaintiff's claim of personal involvement by a defendant above the speculative level. See, Boots v. Johnson, 17-cv-3923 (DWF/LIB), 2018 WL 4443166, at *6 (D. Minn. Jan. 23, 2018), report and recommendation adopted, 2018 WL 3659018 (D. Minn. Aug. 2, 2018). Plaintiff fails to state facts of any kind as to how Defendants Stacken, Puffer, or Hebert were personally involved in or directly participated in the alleged constitutional violations he seeks to set forth in his Complaint. (See, Compl. [Docket No. 1]).

Liberally construing Plaintiff's Complaint in his favor, his Complaint can only be reasonably construed as alleging that Defendant Stacken, through her role as the "MSOP-Moose Lake Associate Clinical Director," and Defendant Hebert, through her role as the "MSOP-Executive Clinical Director," took part in the denial of Plaintiff's sister's visitation Application solely due to their holding of supervisory positions. (See, Compl. [Docket No. 1]).

It is well settled, however, that a state official cannot be vicariously liable under Section 1983 for the acts of her subordinates under the doctrine of respondent superior, unless the state official was personally involved in, or participated in, the alleged unconstitutional acts. See,

10

Rizzo v. Goode, 423 U.S. 362, 371 (1976); Clemmons v. Armontrout, 477 F.3d 962, 967 (8th Cir. 2007); Estate of Rosenberg by Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995).

Regarding Defendant Stacken and Defendant Hebert, even in their role as supervisors, Plaintiff makes only the most general of allegations merely referencing the fact that they are supervisors. Plaintiff fails to state in any way that Defendants Stacken or Hebert were personally involved in or directly participated in any of the alleged unconstitutional acts plead in his Complaint. (See, Compl. [Docket No. 1]).

Therefore, for the foregoing reasons, in regard to Defendants Stacken, Puffer, and Hebert, Plaintiff has failed to plausible plead or state a claim upon which relief may be granted. See, Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985); Clemmons v. Armontrout, 477 F.3d 962, 967 (8th Cir. 2007).

Accordingly, the Court recommends that all of Plaintiff's official and individual capacity claims against Defendants Stacken, Puffer, and Hebert be **DISMISSED without prejudice** pursuant to Rule 12(b)(6).

### ii. Claims Against Defendant Halman

Likewise, Plaintiff's mere generalized allegations regarding Defendant Halman also fail to demonstrate any personal involvement or direct participation in the constitutional violations Plaintiff attempts to set forth in his Complaint.

Plaintiff asserts that Defendant Halman is his "Primary Therapist on Unit 1-E." (Compl., [Docket No. 1], at 3). Plaintiff alleges that on March 12, 2017, he sent a client request form to Defendant Halman inquiring about the status of Plaintiff's sister's Application. (Id. at 5). On March 20, 2017, Defendant Halman responded, "[i]n order to learn the status of your sister's visiting [A]pplication you will need to write a client request to OSI. If you have any other

questions or concerns please do not hesitate to contact me. Respectfully, William Halman." (Id.). Plaintiff asserts in his Complaint, however, that the "Office of Special Investigation (OSI) . . . has no part in the granting or denial of visitation according to the visiting policy." (Id.). And Plaintiff further asserts that the "Primary Therapist has a part in granting/denying the visiting application." (Id.). Lastly, Plaintiff asserts that Defendant Halman, like the other individually named Defendants in the present case, "retained and carried out polices through the MSOP that violated and continue to violate Plaintiff's First [Amendment] (Freedom of Association) and Fourteenth (Substantive Due Process, Procedural Due Process and Due Process) rights." (Id.).

The only specific factual allegations related to Defendant Halman is that on March 20, 2017, Defendant Halman told Plaintiff that to learn more about the status of Plaintiff's sister's visitation Application Plaintiff should contact the Office of Special Investigations. (Compl., [Docket No. 1], at 5). Nowhere in his Complaint does Plaintiff set forth any factual allegations that Defendant Halman was actually involved in any way in the determination to deny the Plaintiff's sister's Application.

As already stated, in order to state a claim upon which relief can be granted and thus withstand a Rule 12(b)(6) motion to dismiss such as the one presently before the Court, Plaintiff must make factual allegations in his Complaint that are sufficient to "raise a right to relief above the speculative level," which "requires more than labels and conclusions, and a formulistic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

Plaintiff fails to allege in any way any kind of personal involvement or direct participation by Defendant Halman in the alleged constitutional violations.

Plaintiff simply alleges that in response to a mere status inquiry Defendant Halman told Plaintiff information about where to redirect his inquire about the status of his sister's visitation

Application. However, Plaintiff does not specifically assert in any way how the providing of that information (even if mistaken) is causally connected to any alleged constitutional violation. In fact, Defendant Halman's response to Plaintiff is dated over a month <u>before</u> Plaintiff's sister's visitation Application was denied.

Although Plaintiff asserts in his responsive memorandum that according to MSOP policy the primary therapist <u>should</u> play a role in granting or denying any hypothetical visitation application, Plaintiff fails to plead any specific factual allegation that Defendant Halman did in fact actually play any part in denying Plaintiff's sister's visitation Application. Plaintiff does not allege any specific facts that Defendant Halman was personally involved in or directly participated in any of the actions which Plaintiff alleges were constitutional violations.

Plaintiff's mere generic references repeated throughout his Complaint that "Defendants Stacken, Puffer, Halman, and Hebert in their individual and official capacities, implemented, retained and carried out policies through the MSOP that violated and continue to violate Plaintiff's First [Amendment] (Freedom of Association) and Fourteenth [Amendment] (Substantive Due Process, Procedural Due Process and Due Process) right" and that Defendant Halman "retained and carried out polices through the MSOP that violated and continue to violate Plaintiff's First [Amendment] (Freedom of Association) and Fourteenth (Substantive Due Process, Procedural Due Process and Due Process) rights" are the type of vague statements and conclusory legal conclusions couched as facts which fail to raise any claim of Defendant Halman's personal involvement above the purely speculative level. <u>See</u>, <u>Boots</u>, 2018 WL 4443166, at *6. As previously noted, Court have consistently found such generalized assertions to fall well short of the type of specific factual allegation needed to raise a plaintiff's claim of personal involvement by a defendant in alleged constitutional violations above the speculative

13

level. See, e.g., Id. Here again the Court's review of the Complaint necessarily leads to the conclusion that the Plaintiff here fails to state in any way how Defendant Halman was personally involved in or directly participated in the alleged unconstitutional act attempted to be plead in Plaintiff's Complaint. (See, Compl. [Docket No. 1]).

Accordingly, the Court recommends that all of Plaintiff's official and individual capacity claims against Defendant Halman be **DISMISSED without prejudice** pursuant to Rule 12(b)(6).

### III.  Conclusion

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Defendants' Motion to Dismiss, [Docket No. 14], be **GRANTED**, as set forth herein;

2. Plaintiff's claims as alleged against Defendant, Department of Human Services, be **DISMISSED with prejudice**; and

3. Plaintiff's claims as alleged against Defendants Stacken, Puffer, Halman, and Hebert be **DISMISSED without prejudice**.


Dated: May 1, 2019                                  s/Leo I. Brisbois
                                                    Hon. Leo I. Brisbois
                                                    United States Magistrate Judge


### N O T I C E

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]"  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).