**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| Ryan J. White, | Civil No. 17-3773 (DWF/LIB) |
| Plaintiff, | |
| v. | ORDER ADOPTING REPORT AND RECOMMENDATION |
| Nancy Stacken, MSOP-Moose Lake Associate Clinical Director; Peter Puffer, MSOP-Moose Lake Clinical Director; William Halman, Primary Therapist, Unit 1-E; Jannine M. Hébert, MSOP-Executive Clinical Director, sued in their Individual and Official Capacities, | |
| Defendants. | |

This matter is before the Court upon Plaintiff Ryan J. White's ("Plaintiff") objections (Doc. No. 27 ("Obj.")) to Magistrate Judge Leo I. Brisbois' May 1, 2019 Report and Recommendation (Doc. No. 26 ("R&R")) insofar as it recommends that Defendants' Motion to Dismiss be granted as follows: (a) Plaintiff's claims as alleged against Defendant, Department of Human Services, be dismissed with prejudice; and (b) Plaintiff's claims as alleged against Defendants Stacken, Puffer, Halman, and Hébert be dismissed without prejudice. Defendants filed a response to Plaintiff's objections on May 30, 2019. (Doc. No. 28 ("Resp.").)

The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Plaintiff's objections. In the Report and Recommendation, the Magistrate Judge found

that the Minnesota Department of Human Services ("DHS") is an agency of the State of Minnesota and therefore immune from suit pursuant to the Eleventh Amendment.[1] Accordingly, the Magistrate Judge recommended dismissing with prejudice Plaintiff's Complaint against the DHS for lack of subject matter jurisdiction. (*Id.* at 14.) Other than claiming that the DHS is not a named Defendant, Plaintiff does not object to this portion of the Report and Recommendation.

The Magistrate Judge also recommended dismissing Plaintiff's official and individual capacity claims against Defendants Stacken, Hébert, and Puffer because Plaintiff failed to allege their personal involvement or direct participation in the putative constitutional violations. (*Id.* at 13-14.) The Magistrate Judge explained that the allegation that Plaintiff "drafted an after the fact letter" directed to Defendants Stacken and Hébert "without any indication that Defendant Stacken or Defendant Hébert actually received the letter or took any specific action based on the letter as part of the underlying denial of the Application falls well short of the level of factual allegation needed to raise Plaintiff's claim of Defendants Stacken and Hébert's personal involvement above the speculative level."[2] (R&R at 9.) As to Defendant Puffer, the Magistrate Judge found

---

[1] The Magistrate Judge found that even liberally construing Plaintiff's Complaint (Doc. No. 1) and construing all reasonable inferences in his favor, Plaintiff failed to assert any factual allegation or identify any legal authority demonstrating that either the State of Minnesota waived immunity from suit or that Congress abrogated said immunity. (R&R at 7.)

[2] With respect to vicarious liability, the Magistrate Judge found that even in
(Footnote continued on next page.)

that there were "no factual allegations describing any action of any kind" to show his "personal involvement." (*Id.*)

Plaintiff argues that he has a constitutional right to visitation that was violated when his visitor application was denied. (Obj. at 16.) He asks the Court to rely on the Report and Recommendation that was issued in a factually similar case, *Williams v. Johnston, et al.*, Civ. No. 14-369, 2015 WL 1333991, (D. Minn. Jan. 28, 2015), *report and recommendation adopted by* 2015 WL 1334015 (D. Minn. Mar. 25, 2015.). (Obj. at 17.) In *Williams,* the plaintiff was also a civilly committed detainee in the Minnesota Sex Offender Program ("MSOP") who was denied visitation with family members. *Id.* at *1-2. There, the plaintiff sent a letter to the Executive Clinical Director of MSOP contesting the denial and received a reply upholding it. *Id.* at *2. The *Williams* Court found that the denial impinged on the plaintiff's First Amendment right to the freedom of association and his right to receive visitors under Minn. Stat. § 253B.03, subd. 3. *Id.* at *7.

Plaintiff objects to the Magistrate Judge's recommendation that his claims against Defendants Stacken and Hébert be dismissed because, as in *Williams,* he too wrote a letter to MSOP officials. (Obj. at 18.) He argues that the reason he did not receive a response was because Defendants chose to ignore his request and that, like *Williams,* his

---

(Footnote continued from previous page.)
Defendant Stacken and Hébert's roles as supervisors, Plaintiff failed to state in any way that they were personally involved in or directly participated in any of the alleged unconstitutional acts plead in the Complaint. (R&R at 11.)

rights were similarly violated. (*Id.* at 19.) He argues further that his allegations against Defendant Puffer are sufficient because "he mentioned Defendant Puffer twice in the Complaint." (*Id.* at 18.)

Defendants contend that Plaintiff failed to allege sufficient facts supporting his claims against Defendants Stacken and Hébert, in part because Plaintiff failed to allege that either Stacken or Hébert actually received the letter, or that they had any role in denying his visitation application. (Resp. at 4-5.) Defendants also point out that Plaintiff did not actually address the letter to Defendant Hébert, so Plaintiff could not have accepted a response from her. (*Id.*) Similarly, Defendants argue that Plaintiff's conclusory allegations and formulaic recitations of the elements of a claim are insufficient to state a claim against Defendant Puffer. (*Id.*)

Finally, the Magistrate Judge recommended dismissing Plaintiff's official and individual capacity claims against Defendant Halman because even though he corresponded with Plaintiff over the denial, Plaintiff did not set forth any factual allegations in his Complaint that Defendant Halman was actually involved in the determination to deny the visitation application. (R&R at 12.) As with Defendants Stacken, Hébert, and Puffer, the Magistrate Judge found that Plaintiff failed to allege any kind of personal involvement or direct participation by Defendant Halman in the alleged constitutional violations.[3] (*Id.* at 13-14.)

---

[3] The Magistrate Judge explained that while Plaintiff argued that Defendant
(Footnote continued on next page.)

Plaintiff objects to the Magistrate Judge's recommendation, reiterating his position that Defendant Halman was personally involved in the denial. (Obj. at 4.) Defendants contend that Plaintiff's allegations against Defendant Halman are conclusory and fail to plead personal involvement. (Resp. at 7.)

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). After a careful review of Plaintiffs' objections, the Court finds no reason to depart from the Magistrate Judge's recommendations. While Plaintiff does have some right to the freedom of association, Plaintiff's Complaint against the individuals named in his allegations fails because he does not state how each individual was personally involved in or directly participated in any alleged violation.[4]

Based upon the *de novo* review of the record and all of the arguments and submissions of the parties and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

---

(Footnote continued from previous page.)
Halman, as Plaintiff's primary therapist, *should* have played a role in granting or denying any hypothetical visitation application, Plaintiff failed to plead any specific factual allegation that Defendant Halman actually did play a role in the decision. (R&R at 13.)

[4] Despite Plaintiff's reliance on *Williams*, Williams plead sufficient factual content to allow the Court to draw a reasonable inference that the named defendants were liable for the alleged misconduct. (*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

5

**ORDER**

1.  Plaintiff Ryan J. White's objections (Doc. No. [27]) to Magistrate Judge Leo I. Brisbois's May 1, 2019 Report and Recommendation are **OVERRULED**.

2.  Magistrate Judge Leo I. Brisbois's May 1, 2019 Report and Recommendation (Doc. No. [26]) is **ADOPTED**.

3.  Defendants' Motion to Dismiss (Doc. No. [14]) is **GRANTED**.

4.  Plaintiff's claims as alleged against Defendant Department of Human Services are **DISMISSED WITH PREJUDICE**.

5.  Plaintiff's claims as alleged against Defendants Stacken, Puffer, Halman, and Hebert are **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: June 19, 2019  s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge